**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY LYNN ROBINSON, #1955575,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:16-CV-0250-M-BK** |
| | § | |
| **KAZ MIERCZAK, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge.  Plaintiff, a state inmate, filed a *pro se* civil rights complaint along with a motion for leave to proceed *in forma pauperis*.  For the reasons that follow, it is recommended that this case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.  *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by three strikes.  *See Robinson v. Valdez, et al.*, No. 3:14-CV-2611-L-BK, 2014 WL 5472444 (N.D. Tex. Oct. 29, 2014) (accepting recommendation of the magistrate judge, collecting prior dismissals for frivolousness and three-strike bar, and finding Plaintiff was barred by three strikes).  Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the

complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Moreover,

Plaintiff's allegations of imminent danger must be "specific" and "credible."  *Kinnell v. Graves*,

265 F.3d 1125, 1128 (10th Cir. 2001) (citing *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.

1998)), *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("a complaint does not

satisfy the 'imminent danger' exception" of the PLRA where plaintiff's "claims of imminent

danger are conclusory or ridiculous" (citation and quotation omitted)).  Here, even when the

complaint is liberally construed, Plaintiff has failed to meet this burden.  *See Carson v. Johnson*,

112 F.3d 818, 822-823 (5th Cir. 1997).

Plaintiff asserts in a conclusory fashion that his "life is in imminent danger."  Doc. 3 at 3.

His claims mainly stem from (1) a Unit Classification Committee (U.C.C.) meeting in January

2016 that resulted in his custody level being lowered, and (2) his refusal to accept three

subsequent housing assignments on January 3 and 4, 2016.  Doc. 3 at 3.  Plaintiff also alleges

that in October or November 2015, he informed prison authorities that a prison employee, Ms.

Howard, was giving illegal drugs and tobacco to an inmate, and as a result of his report, Plaintiff

was harassed and retaliated against.  Doc. 3 at 5.  Plaintiff's barebones allegations lack the

required specificity.

Moreover, even accepting Plaintiff's allegations as true, they lack credible factual

support.  Although Plaintiff's report of wrongdoing occurred some two to three months prior to

the filing of his complaint, he has offered no evidence of any specific threat made against him in

the interim.  Instead, he states only his subjective belief of imminent danger and, at best, merely

speculates about a possible threat of physical harm.  He fails to even identify the type or source

of danger he posits.  As indicated previously, more is required to overcome a three-strike bar.

*Cf. Chavis*, 618 F.3d at , 170  (plaintiff's "allegation of a recent brutal beating, combined with

three separate threatening incidents" involving some of the same officer-defendants, is "the sort of ongoing pattern of acts that satisfies the imminent danger exception" to the three-strike rule") (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding imminent danger where prison officials had at least twice knowingly placed plaintiff near inmates on his "enemy list," leading to violent assaults)).

Finally, the Court notes that in his previous complaint, filed just two weeks prior to the one in this case,[1] Plaintiff's makes similar conclusory allegations that he is in imminent danger of retaliation for his alleged reports of wrongdoing against Howard and Sergeant Patton: "Plaintiff's 'LIFE IS IN IMMINENT DANGER' here on this unit as well as T.D.C.J., as a whole."  (Complaint, No. 3:16-CV-066-D-BK).  In support, he merely avers, "Howard, has two daughter's [*sic*]… and a son-in-law I think.  And also… [Sergeant] Patton has family and friends here, I think."  (Complaint, No. 3:16-CV-066-D-BK).

For the foregoing reasons, the Court concludes that Plaintiff is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

It is recommended that Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] be **DENIED,** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis*

---

[1] The undersigned previously recommended dismissal of that action as barred by the three-strike provision.  *See Robinson v. Stephens*, 3:16-CV-0066-D-BK (N.D. Tex. Jan 19, 2016) (*Findings, Conclusions and Recommendation of the United States Magistrate Judge*).

lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this

lawsuit with full payment of the $400.00 filing fee. [2]

SIGNED February 3, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] An administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule. However, where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id*.